## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

| | |
|---|---|
| JAMIE WEAVER, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:20-cv-00143-JJV |
| ANDREW SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

### **MEMORANDUM AND ORDER**

Plaintiff, Jamie Weaver, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Ms. Weaver had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work and jobs existed in the national economy that she could perform despite her impairments (Tr. 34-47.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite direction. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

1

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Weaver was forty-three years old at the time of the administrative hearing. (Tr. 58.) She testified she graduated from high school and "took a few classes." (Tr. 58.) She has past relevant work as production scheduler and telephone answering service operator. (Tr. 44.)

The ALJ[1] first found that Ms. Weaver has not engaged in substantial gainful activity since February 1, 2017 - the alleged onset date. (Tr. 36.) She has severe impairments in the form of "joint dysfunction, lupus, Sjogren's syndrome, fibromyalgia, and chronic obstructive pulmonary disease." (*Id.*) The ALJ further found she did not have an impairment or combination of impairments that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 39-40.)

Next, the ALJ concluded Plaintiff had the residual functional capacity to perform a reduced range of light work. (Tr. 40.) Her assessment included the following limitations: "[Plaintiff] must avoid hazards, including unprotected heights and dangerous moving mechanical parts; and, she must avoid concentrated exposure to pulmonary irritants." (*Id.*)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

Based on this residual functional capacity assessment and in consultation with a vocational expert, (Tr. 72-77), the ALJ found that Plaintiff could perform her past relevant work as a production scheduler and telephone answering service operator. (Tr. 44.) In the alternative, the ALJ also utilized the services of the vocational expert to determine if other jobs existed that Plaintiff could perform at the sedentary exertional level. Based on the testimony of the vocational expert, the ALJ determined she could perform the sedentary jobs of addressing clerk and escort vehicle driver. (Tr. 46, 74-75.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 46.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1–5.) Therefore, the ALJ's decision is the final decision of the Commissioner. Ms. Weaver filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her complaint, Ms. Weaver argues that the ALJ's residual functional capacity assessment is not supported by substantial evidence. (Doc. No. 17 at 14-20.) Ms. Weaver has a complicated combination of impairments and there is no doubt she suffers from some degree of pain and limitation. But I find the ALJ adequately accounted for the combination of these impairments with her calculation that Plaintiff has the residual functional capacity to perform a reduced range of light work given her physical limitations. Additionally, based on the objective medical evidence, the ALJ could rightly conclude Ms. Weaver was capable of performing the sedentary jobs of addressing clerk and escort vehicle driver.

Plaintiff argues that the ALJ incorrectly discounted the opinions of her treating doctor, Sumner R. Collom, M.D. Dr. Collom provided Medical Source Statement-Physical and reported Plaintiff was extremely limited to a number of medical conditions. (Tr. 8-10.) If fully credited,

Dr. Collom's opinions would likely mean that Plaintiff is disabled. However, the ALJ gave little weight to his opinions. The ALJ stated:

> Dr. Cullon [*sic*] supported his opinion by checking boxes on the form and providing a list of the claimant's complaints. However, he did not provide significant objective findings to support the extreme limitations in the opinion, merely noting severe fatigue, muscle and joint pain, and a positive ANA screen (Exhibit 12F/1). Thus, supportability of this opinion is low.
>
> The opinion further lacks consistency with the objective medical evidence. Physical examinations, most of which were performed by Dr. Cullon [*sic*] or someone from his office, only noted tenderness in multiple joints, without noting deficits in strength, sensation, or gait.
>
> While Dr. Cullon [*sic*] noted one positive ANA test, he failed to mention more recent testing that was negative [ ]. For these reasons, his opinion is not persuasive.

(Tr. 44.)

Plaintiff correctly notes that her treating doctor should generally be given deference. However, after a close review of the medical evidence, I find that ALJ properly evaluated the opinions of Dr. Collom. Most importantly, the ALJ is correct that Collom's treatment notes fail to support his conclusions. A close examination of Plaintiff's treatment notes reflect that Plaintiff indeed suffers from some degree of pain on some occasions. However, her examination results fail to support an allegation of complete disability. (Tr. 294, 297, 299, 311, 317, 348, 349, 409-410, 428, 553-554, 556-557, 560, 563, 734-744, 796, 813, 817.)

As the United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation

>omitted).  Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Plaintiff's examinations often reveal she may be mostly limited by her depression. However, the Mental Diagnostic Evaluation performed by Kenneth B. Jones, Ph.D., also supports the ALJ's residual functional capacity assessment.

I have also considered Plaintiff's arguments regarding her fibromyalgia.  I take seriously her statement that fibromyalgia is a chronic condition, difficult to diagnose, and it can be disabling. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision here.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether is a substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). Ms. Weaver's counsel has done an admirable job advocating for her.  But I find no basis to overturn the decision of the ALJ in this case.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that a "reasonable mind might accept as an adequate record to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 24th day of February 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE